UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Maureen Rieger,               :
      Plaintiff,              :
                             :
v.                           :      Case No. 3:04cv244 (JBA)
                             :
Orlor, Inc. dba Executive    :
Honda, Executive Auto Group, :
Inc. and David Blackert,     :
      Defendants.            :

RULING ON DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY
[Doc. # 53]

This is an employment discrimination action in which
plaintiff asserts claims of age and sex discrimination under the
Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et
seq., and Title VII of the Civil Rights Act of 1964 ("Title
VII"), 42 U.S.C. § 2000e et seq., respectively, discrimination on
the basis of a disability under the Connecticut Fair Employment
Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 et seq., and
retaliatory conduct in violation of the Americans with
Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.[1]

Defendants move to preclude the majority of the report of
plaintiff's expert, Dr. Brian H. Kleiner, arguing that his
opinions are "based on faulty or non-existent methodologies,
unsubstantiated allegations, unformed assumptions, and are

---

[1] Plaintiff also asserted disability discrimination claims
under the ADA and a claim of negligent infliction of emotional
distress, but those claims were dismissed in the Court's Ruling
on Defendants' Motion for Summary Judgment, see [Doc. # 73].

1

unreliable and irrelevant."  <u>See</u> Def. Motion [Doc. # 53] at 1.
Plaintiff argues, <u>inter alia</u>, that Kleiner's report meets the
requirements articulated in Fed. R. Evid. 702 and <u>Daubert v.
Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and that
defendants' Motion is procedurally defective because they did not
depose Kleiner.  <u>See</u> Pl. Opp. [Doc. # 62].  For the reasons that
follow, defendants' motion will be granted.

**I.   BACKGROUND**

Dr. Kleiner has been a professor of human resources
management at the College of Business and Economics at California
State University for over 25 years.  Kleiner Report [Doc. # 53,
Attachment] at 1.  Kleiner describes his specialties as including
"human resources management policies and practices concerning
reasonable accommodation of disabilities, employment
discrimination, downsizing, wrongful termination, and career
management," and he has "taught numerous courses and published
numerous articles related to these topics."  <u>Id</u>. at 1 & Ex. A
(curriculum vitae with list of publications).  The opinions in
Kleiner's report which defendants seek to preclude are as
follows:

> Opinion #1: The defendants could accommodate the
> plaintiff's disability without significant impact to
> the defendants, but instead retaliated against the
> plaintiff by moving her to a less desirable position

2

within the company.[2]

Opinion #2: The defendants did not take reasonable care to prevent discrimination and harassment of the plaintiff.

Opinion #3: The defendants' rationale for downsizing the plaintiff from her position as service advisor is inadequate.  Their procedures for doing so did not follow appropriate practices of human resources management.

Id. at 10-15.

Defendants object to these opinions on both reliability and relevancy grounds.  They argue that Kleiner's opinions are unreliable because he cites no principles or methodology on which his opinions are based, and irrelevant because they provide no specialized knowledge that will assist the jury, but rather invade the jury's province by reaching ultimate legal conclusions on the basis of the facts in the record.  Plaintiff responds that

---

[2]   Kleiner's testimony regarding defendants' ability to accommodate plaintiff's disability is not moot despite the Court's dismissal of plaintiff's ADA discrimination claims, because plaintiff's CFEPA claim remains and, although the Connecticut Supreme Court has not spoken on the issue, the CFEPA has been interpreted to require employers to accommodate disabled employees.  See Hill v. Pfizer, Inc., 266 F. Supp. 2d 352, 364 (D. Conn. 2003) (citing Trimachi v. Conn. Workers Compensation Comm., No. CV 970403037S, 2000 WL 872451 (Conn. Super. Ct. June 14, 2000)); Curry v. Allen S. Goodman, Inc., No. CV020817767S, 2004 WL 3048590, at *7 (Conn. Super. Ct. Nov. 18, 2004) (noting that "[t]he Connecticut Supreme Court has . . . recognized 'that in construing the Fair Employment Practices Act [it is] . . . properly guided by the case law surrounding federal fair employment legislation,'" and thus finding that "failure to impose upon state actions so prominent a federal requirement as the duty to reasonably accommodate would vitiate the remedial purposes of the Connecticut antidiscrimination statutes") (citing Perodeau v. City of Hartford, 259 Conn. 729, 738 (Conn. 2002)).

Daubert does not require an expert to apply a rigid methodology, and that Kleiner satisfies Daubert because he "brings his practical and academic experience in human resources management to bear in formulating his opinions and, ultimately, in presenting his testimony at trial."  Pl. Mem. [Doc. # 63] at 8. Plaintiff also argues that Kleiner's testimony does not impermissibly invade the jury's province because, while his opinions do address "key" issues in the case, experts are allowed to testify as to inferences to be drawn from facts, including inferences relating to ultimate issues of the case.  Id. at 6-7.[3]

## II.  DISCUSSION

## A.  Standard

The discretion of this Court to admit expert testimony is governed principally by Fed. R. Evid. 702, which provides:

---

[3] Plaintiff also argues that defendants' motion is procedurally defective because defendants opted not to depose Kleiner.  See Pl. Mem. at 3 (citing Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc., 199 F.R.D. 484, 486 (E.D.N.Y. 2001), for the proposition that "Federal Rule of Civil Procedure 26(b)(4)(A) does not explicitly require the expert witness to rest on a 'final' report submitted before trial; the provision merely states that the disclosure of the expert's report must precede the expert's deposition.").  Plaintiff's argument ignores Rule 26's requirement of a written report which contains a detailed and complete statement of all opinions on which the expert will testify and the bases and reasons for those opinions. See Ordon v. Karpie, 223 F.R.D. 33, 36 (D. Conn. 2004).  The burden is not on defendants "to seek out the necessary information regarding competency, rather [plaintiff] [has] the affirmative obligation to demonstrate the qualifications of [her] own expert[]."  Bonesmo v. Nemours Found., 253 F. Supp. 2d 801, 810 (D. Del. 2003).

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; Nimley v. N.Y., 414 F.3d 381, 395 (2d Cir. 2005). The Supreme Court in Daubert, 509 U.S. at 597, made clear that Rule 702 charges district courts with "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." See also Nimley, 414 F.3d at 396.

Daubert sets out a list of non-exhaustive factors that trial courts may consider in determining whether an expert's reasoning and methodology are reliable: (1) whether the theory or technique on which the expert relies has been or could be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the theory or technique has been generally accepted in the scientific community. Daubert, 509 U.S. at 593-94; see also Nimley, 414 F.3d at 396. The test of reliability is a "flexible" one depending on the "nature of the issue, the expert's particular expertise, and the subject of his testimony"

and no one factor will necessarily be determinative of the
reliability of an expert's testimony, because the trial court
need only "consider the specific factors identified in Daubert
where they are reasonable measures of the reliability of expert
testimony." Kuhmo Tire Co. v. Carmichael, 526 U.S. 137, 150, 152
(1999); accord Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d
256, 265-66 (2d Cir. 2002).

Fed. R. Civ. P. 26(a)(2) requires that parties disclose the
identity of any expert witnesses, and that such disclosure must
"be accompanied by a written report prepared and signed by the
witness."  The Rule further requires:

> The report shall contain a complete statement of all
> opinions to be expressed and the basis and reasons
> therefor; the data or other information considered by
> the witness in forming the opinions; any exhibits to be
> used as a summary of or support for the opinions; the
> qualifications of the witness, including a list of all
> publications authored by the witness within the
> preceding ten years; the compensation to be paid for
> the study and testimony; and a listing of any other
> cases in which the witness has testified as an expert
> at trial or by deposition within the preceding four
> years.

Fed. R. Civ. P. 26(a)(2)(B).

Under the relevancy prong of Rule 702, the Court must also
determine if the expert's testimony will assist the trier of
fact.  See Daubert, 509 U.S. at 591.  "As with any other relevant
evidence, the court should exclude expert testimony if its
prejudicial effect substantially outweighs its relevance.  In
addition, the district court should not admit testimony that is

directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help." <u>United States v. Mulder</u>, 273 F.3d 91, 101 (2d Cir. 2001).  Moreover, the district court must "carefully circumscribe [the use of expert testimony] to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1294 (2d Cir. 1991).  Thus, "although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts." <u>Id</u>.

**B.  Analysis**

Defendants do not challenge Kleiner's qualifications to testify about human resources management policies and practices on the basis of his specialized education in management and business administration and his more than 25 years' experience in the field as a professor, scholar, and expert witness.  Kleiner Report at 1-9 & Ex. A (60-page list of publications).  Rather, defendants contend that Kleiner's opinions are unreliable in that they lack any stated basis or methodology, are dependent on plaintiff's unsubstantiated claims, and are irrelevant in that they invade the province of the jury.

Kleiner's first opinion – that defendants could have

accommodated plaintiff's disability without significant impact,
but instead retaliated against plaintiff by moving her to a less
desirable position (see Kleiner Report at 10) - includes two
legal conclusions based on certain facts in the record and
therefore impermissibly invades the jury's province to apply the
applicable law to the facts of the case and reach ultimate legal
conclusions.  See Bilzerian, 926 F.2d at 1294.  While Kleiner is
qualified, given his education and experience in the human
resources field, to opine on accommodations that could have been
made, or are frequently made, to accommodate conditions such as
plaintiff's insomnia,[4] Kleiner's opinion is not framed in those
terms.  Rather, because Kleiner's opinion does not proffer any
specialized knowledge, and invokes legal standards (i.e., that
defendants could have accommodated plaintiff's disability without
significant impact, and that defendants retaliated against
plaintiff), his opinion would "not aid the jury in making a
decision, but rather attempts to substitute [his] judgment for
the jury's."[5]  See United States v. Duncan, 42 F.3d 97, 102 (2d

_____

        [4]  Kleiner includes "reasonable accommodation of
disabilities" among his specialities (Kleiner Report at 1) and he
has authored multiple articles on the subject, including "How to
comply with the Americans with Disabilities Act" (Kleiner Report
at Ex. A, 71), "How to accommodate disabilities under [the] ADA"
(id. at Ex. A, 51), "How to avoid retaliation claims" (id. at Ex.
A, 68), and "Understanding and preventing workplace retaliation"
(id. at Ex. A, 67).

        [5] For this reason, Kleiner's blanket legal conclusions are
distinguishable from permissible expert testimony that "generally

Cir. 1994) ("When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination."); see also Hygh v. Jacobs, 961 F.2d 359, 363-64 (2d Cir. 1992) (holding that the district court should have excluded expert testimony in an excessive force case where the expert testified that defendant's conduct was "not justified [or warranted] under the circumstances" and "totally improper," noting that the expert's opinions "merely [told] the jury what result to reach").[6]

Kleiner's second opinion – that defendants did not take reasonable care to prevent discrimination and harassment of plaintiff (Kleiner Report at 10-11) – would invade the jury's province for the same reason.  Indeed, Kleiner frames his opinion in the formulation of a defendant's affirmative defense to a Title VII claim.  See Burlington Indust., Inc. v. Ellerth, 524

---

suggest[s] inferences that should be drawn from the facts," which a jury could reject.  See United States v. Boissoneault, 926 F.2d 230, 232 (2d Cir. 1991).

    [6]  Additionally, as defendants note, Kleiner bases his opinion on, inter alia, plaintiff's testimony that she did not request or have any knowledge of the internet lead manager position until three days prior to attending the training, see Kleiner Report at 10, and the Second Circuit has held that "expert witnesses may not offer opinions on relevant events based on their personal assessment of the credibility of another witness's testimony.  The credibility of witnesses is exclusively for the determination by the jury."  United States v. Scop, 846 F.2d 135, 142 (2d Cir. 1988).

U.S. 742, 765 (1998).  Again, while Kleiner would be qualified to offer expert testimony that would assist the jury in understanding the types of measures that can be taken by employers to prevent discrimination and harassment (indeed he authored, inter alia, articles entitled "How to prevent sexual harassment in the workplace" and "How to conduct sexual harassment training effectively," see Kleiner Report, Ex. A at 47, 69), the opinion he offers provides no specialized knowledge, but merely a legal conclusion.  Moreover, Kleiner states that his opinion is based on his analysis of facts in the record, including the chronology of relevant events.  Without more, this is an assessment the jury can make without assistance from an expert.  See, e.g., Mulder, 273 F.3d at 101 ("[T]he district court should not admit testimony that is directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help.") (internal citation omitted).

    The first part of Kleiner's third opinion – that "defendants' rationale for downsizing the plaintiff from her position as service advisor is inadequate" (Kleiner Report at 12) – suffers the same fatal flaw as do Kleiner's first two opinions. The second part of this third opinion, that defendants' "procedures for [downsizing] did not follow appropriate practices of human resources management" (id.), while not phrased in terms of a legal conclusion, does not describe or list the claimed

"appropriate practices of human resources management," nor does he cite his own articles or trade publications that would give notice to defendant of what these claimed practices are.  The lack of description is highlighted by comparing Kleiner's third opinion to his fourth opinion, in which Kleiner cites publications and provides statistics to support his claim.  <u>See</u> Kleiner report at 15-16.

**III. CONCLUSION**

For the foregoing reasons, defendants' Motion [Doc. # 53] is GRANTED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 29th day of March 2006.**

11